**IN RE RETIREMENT PLAN FOR EMPLOYEES OF MIZE COMPANY, INC.**

**PENSION BENEFIT GUARANTY CORPORATION, Applicant,**

v.

**MIZE COMPANY, INC., et al., Respondents.**

No. C–C–91–189–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Feb. 18, 1992.

Carol Connor Flowe, William G. Beyer, David Gzesh, Alan J. Siff, Office of Gen. Counsel, Washington, DC, James M. Sullivan, Asst. U.S. Atty., Charlotte, NC, for applicant.

Margaret Ann Behringer Maloney, Moore & Van Allen, NationsBank Corporate Center, Charlotte, NC, for respondents.

## ORDER

ROBERT D. POTTER, District Judge.

**THIS MATTER** is before the Court on Application of the Pension Benefit Guaranty Corporation ("PBGC"), filed 21 June 1991, for an Order to Show Cause, Appointment of a Statutory Trustee, and a Decree of Pension Plan Termination. On 4 September 1991, Respondents filed a Response opposing one part of Applicant's Application. Subsequently, on 23 September 1991, PBGC filed a

Reply in support of its Application. On 4 October 1991, Respondents filed a Surreply again opposing one part of Applicant's Application.

The PBGC is a wholly owned United States government corporation created to administer the mandatory pension plan termination insurance program established by the Employee Retirement Income Security Act of 1974 ("ERISA"). Pursuant to that act, PBGC applies to this Court for an Order (1) terminating the retirement plan for employees of Mize Company, Inc. ("the plan"); (2) appointing the PBGC as statutory trustee of the plan; (3) establishing 3 July 1985 as the termination date of the plan; and (4) requiring the respondent and other persons or entities to transfer any and all records or assets relating to the plan to the PBGC. Respondent opposes only the termination date proposed by the PBGC.

Respondent, Mize Company, Inc. ("Mize") was a Virginia corporation doing business in Charlotte, North Carolina. Mize is the contributing sponsor and plan administrator of the plan. See 29 U.S.C. §§ 1301(a)(1) and 1301(a)(13). Velma C. Rothwell is the sole stockholder of Mize stock. In 1954, Mize adopted the plan now at issue to provide pension benefits to its employees. Mize purchased a group annuity from Life Insurance Company of Virginia to fund the plan. The plan is an employee pension benefit plan and a defined benefit plan within the meaning of ERISA. See 29 U.S.C. §§ 1002(2) and 1002(35).

In 1975 or 1976, the then President and sole owner of Mize, Tony C. Harris decided to terminate the plan and convert it to a self-regulated plan. Harris informed all plan participants of his decision. Harris Affidavit at 2. The plan was fully funded at this time. *Id.* Harris believes he took these actions in 1975. However, on 6 April 1976, Harris wrote to Life Insurance Company of Virginia ("the Company") informing it of his decision to terminate the plan. Applicant's Exhibit A to Hobbs Affidavit. On 7 May 1976, the Company replied to Harris. The Company informed Harris of the specific requirements for terminating a plan as those requirements are set out in section 4041 of ERISA. *See* 29

U.S.C. § 1341(a). Applicant's Exhibit B to Hobbs Affidavit. Harris did not take these actions. In 1982, Harris sold the company to Rothwell. *Id.* at 1. On or about 3 July 1985, Mize ceased operating and liquidated soon afterward.

Mize contends Harris effectively terminated the plan no later than 31 December 1975 when he gave each plan participant actual notice that the plan would be terminated. The PBGC contends the plan was not terminated in 1975 because Harris failed to comply with the requirements of section 4041 of ERISA. As such, the PBGC asserts that the plan was not terminated until 3 July 1985, when the participants received constructive notice they would no longer accrue benefits under the plan.

■ Where there is a dispute regarding the proper date for terminating a plan under ERISA, the termination date is set by the Court. 29 U.S.C. § 1348(a)(4). Mize urges the Court to set this date in the manner adopted by the Third Circuit Court of Appeals in *PBGC v. Heppenstall Co.*, 633 F.2d 293 (3d Cir.1980). The *Heppenstall* Court adopted a three part process by which a court should select a plan termination date. First, the court must identify the respective interests at issue. Second, the court must determine what dates serve the identified interests. Finally, the court must balance the identified interests and select an appropriate date.

In response, the PBGC acknowledges that the *Heppenstall* Court correctly identified the two factors a court must consider in selecting an appropriate termination date: "the expectations of participants and the financial implications of termination for PBGC." *In re Pension Plan for Employees of Broadway Maintenance Corporation*, 707 F.2d 647, 652–53 (2d Cir.1983). However, the PBGC also asserts that the plan termination procedure of section 4041 of ERISA is "the sole means by which a pension plan subject to the provisions of ERISA may be terminated." *Phillips v. Bebber*, 914 F.2d 31 (4th Cir.1990). As such, the PBGC argues that this Court cannot select 31 December 1975 as the plan termination date because

Mize admits it did not then comply with the requirements of section 4041.

■ This Court has considered carefully the arguments of the Parties. Having done so, the Court finds more persuasive the reasoning of the PBGC. As noted by the *Phillips* Court, a plan may be terminated only as provided by section 4041 of ERISA. It is not disputed that Mize never complied with that section. As such, the Court will not select 31 December 1975 as the termination date. If the Court were to select 31 December 1975 as the termination date, it would be directly contradicting the holding of *Phillips*. Mize has offered the Court no support for taking this step.

■ As the *Broadway* Court noted, this Court is entitled to conclude that the date proposed by the PBGC adequately protects the interests of the PBGC. *Broadway*, 707 F.2d at 653. Here, the PBGC has proposed 3 July 1985 as the termination date. This date, far later than that proposed by Mize, does not harm the plan participants, but rather increases the period for which they may be due benefits. As such, this date serves the interests of both plan participants and the PBGC.

**NOW, THEREFORE, IT IS ORDERED** that:

1.  the Retirement Plan for Employees of Mize Company, Inc. be, and hereby is, **TERMINATED** pursuant to 29 U.S.C. § 1342(c);

2.  the Retirement Plan for Employees of Mize Company, Inc. terminated on 3 July 1985, pursuant to 29 U.S.C. § 1348(a);

3.  the Pension Benefit Guaranty Corporation be, and hereby is, **APPOINTED STATUTORY TRUSTEE** of the Retirement Plan for Employees of Mize Company, Inc., pursuant to 29 U.S.C. § 1342; and

4.  Respondent Mize Company, Inc., the Life Insurance Company of Virginia, and any other person or entity having possession, custody, or control of any records, assets, or other property of the Retirement Plan for Employees of Mize Company, Inc., shall **TRANSFER,**

**CONVEY,** and **DELIVER** all such records, assets, and property to the Pension Benefit Guaranty Corporation, as Statutory Trustee, pursuant to 29 U.S.C. § 1342(d).

**IT IS FURTHER ORDERED** that the Motion of Respondent Mize Company Inc., filed 4 October 1991, for Recognition of Discovery Period be, and hereby is **DENIED AS MOOT.**